# **COMPOSITE EXHIBIT "A"**

- Civil Cover Sheet
- Complaint
- Summons issued and served on Revel Transit, Inc.  (10/19/21)
- Return of Service on Revel Transit, Inc.,
- Notice of Appearance for Plaintiff
- Clerk of Court Docket to confirm payment of filing fee and Division Assignment

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Jerry Chipman</u>
 Plaintiff

Case # _____
Judge  _____

vs.
<u>Revel Transit Inc</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation


**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   3

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer            Fla. Bar # 165580
          Attorney or party                        (Bar # if attorney)

Jason S Remer            07/13/2021
(type or print name)               Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JERRY CHIPMAN,

    Plaintiff,

vs.                                                               Case No.:

REVEL TRANSIT INC,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, JERRY CHIPMAN ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, REVEL TRANSIT INC, ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful National Origin-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, with its primary place of business in Miami Dade County where Plaintiff worked for Defendant.

4. This Court has jurisdiction of the claims herein pursuant to the FCRA.

5. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

6. Venue is proper in the Miami-Dade County because all of the actions complained of herein occurred within Miami-Dade County.

7. Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff is a Bahamian individual from the island nation of the Bahamas, and within a class of individuals protected by Title VII and the FCRA.

9. Plaintiff commenced employment as a Mechanic Technician with Defendant on or about December of 2019.

10. Throughout Plaintiff's employment with defendant he experienced differential treatment. This treatment included Spanish speaking employees and supervisors such as Bryan and Carlos Nevarez that spoke perfect English but refused to do so around plaintiff.

11. Spanish speaking employees were chosen for work projects over Plaintiff because they were Hispanic and spoke Spanish.

12. Spanish speaking employees were given easier assignments and allowed to work inside when Plaintiff was regularly assigned outside duties.

13. When plaintiff complained of other employees stealing his tools, these complaints were ignored and not given proper investigation while Hispanic employees concerns were addressed.

14. When Plaintiff finally complained to his supervisors about the above issues, he was immediately terminated by his manager and told, "[i]t is not your work, it is a cultural thing."

15. Plaintiff did not receive any warning and was not written up before being terminated.

16. Plaintiff, on February 11, 2020, timely filed a Charge of Discrimination alleging discrimination on the basis of National Origin and national origin with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

17. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination. Throughout his employment Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
### *National Origin Discrimination in Violation of Title VII*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

19. Plaintiff is a member of a protected class under Title VII being Bahamian.

20. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's National Origin and subjected the Plaintiff to animosity based on National Origin.

21. Such discrimination was based upon the Plaintiff's National Origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Bahamian.

22. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of National Origin was unlawful but acted in reckless disregard of the law.

23. At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

24. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

25. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

27. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of the FCRA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's National Origin and subjected the Plaintiff to National Origin-based animosity.

32. Such discrimination was based upon the Plaintiff's National Origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Bahamian.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of Title VII and the FCRA*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

41. Plaintiff is a member of a protected class under Title VII and the FCRA.

42. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII and the FCRA.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of National Origin was unlawful but acted in reckless disregard of the law.

44. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

48. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII and the FCRA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 7, 2021                              Respectfully submitted,

/s/ **Jason S. Remer**
_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No.: 121247
dhunt@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 131613233 E-Filed 07/28/2021 05:14:07 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JERRY CHIPMAN,

    Plaintiff,

vs.                                          Case No.: 2021-017065-CA-01

REVEL TRANSIT INC,
a Foreign Profit Corporation,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** REVEL TRANSIT INC through its Registered Agent:

        ROCKET LAWYER CORPORATE SERVICES, LLC
        155 OFFICE PLAZA DRIVE, 1ST FLOOR
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                DATE

_____
(BY) DEPUTY CLERK

*[Handwritten: 1475   10/19/21   2:31 Pm]*
*[Handwritten: FC3]*

# **RETURN OF SERVICE**

**State of Florida**  **County of MIAMI DADE**  **Circuit Court**

Case Number: 2021-017065-CA-01

Plaintiff:
**JERRY CHIPMAN**

vs.

Defendant:
**REVEL TRANSIT INC,**
**a Foreign Profit Corporation,**

For:
JASON REMER

ROD2021000451

Received by Due Process, LLC on the 10th day of August, 2021 at 7:02 pm to be served on **REVEL TRANSIT INC THROUGH ITS REGISTERED AGENT ROCEKET LAWYER CORPORATE SERVICES, LLC, 155 OFFICE PLAZA DRIVE, 1ST FLOOR, TALLAHASSEE, FL 32301**.

I, CHRIS ZEPHIR, do hereby affirm that on the **19th day of October, 2021** at **2:33 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Carlos Nevarez** as **Manager** for **REVEL TRANSIT INC THROUGH ITS REGISTERED AGENT**, at the address of: **900 NW 22ND STREET, MIAMI, FL 33127**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
9/20/2021  10:45 am  Mary Kate Duncan, Registered Agent Clerk, refused to accept service because Rocket Lawyer Corporate Services LLC is not the registered agent for Revel Transit Inc. According to the Florida Secretary of States web site sunbiz.org the registered agent is Alexandria Borlabi at 900 NW 22nd Street Miami, Fl 33127.
10/7/2021  3:21 pm  Attempted service at 900 NW 22ND STREET, MIAMI, FL 33127, closed warehouse, front gate locked, no name on gate or door
10/11/2021  11:46 am  Attempted service at 900 NW 22ND STREET, MIAMI, FL 33127, gate locked and closed, can't see inside, no name on door

## RETURN OF SERVICE For 2021-017065-CA-01

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

**CHRIS ZEPHIR**
CPS # 1475

**Due Process, LLC**
PO BOX 612576
MIAMI, FL 33261
**(305) 916-0757**

Our Job Serial Number: ROD-2021000451

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JERRY CHIPMAN,

    Plaintiff,                                           Case No. 2021-017065-CA-01

v.

REVEL TRANSIT INC, et al.,

    Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL

PLEASE TAKE NOTICE that the undersigned counsel, Daniel H. Hunt, Esq., hereby files this Notice of Appearance as counsel on behalf of the Plaintiff in the above-styled cause. The undersigned associate counsel requests that copies of all pleadings, notices, correspondence, and communications of any type, be furnished to him in accordance therewith.

Dated: October 21, 2021

Respectfully submitted,

*/S/ Daniel H. Hunt*

**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2021 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

By: */s/ Daniel H. Hunt, Esq.*
Daniel H. Hunt, Esq.
Florida Bar No. 121247

## SERVICE LIST

**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

Attorney for Plaintiff



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us     My Account     

## CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

### JERRY CHIPMAN VS REVEL TRANSIT INC

| | |
|---|---|
| **Local Case Number:** | 2021-017065-CA-01 |
| **Filing Date:** | 07/13/2021 |
| **State Case Number:** | 132021CA017065000001 |
| **Judicial Section:** | CA15 |
| **Consolidated Case No.:** | N/A |
| **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN |

### 👥 Parties                                               Total Of Parties: 2  ➕

### 🔨 Hearing Details                                       Total Of Hearings: 0 ➕

### 📡 Dockets                                               Total Of Dockets: 9  ➖

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 8 | 10/21/2021 | | Notice of Appearance | Event | |
| 7 | 10/21/2021 | | Affidavit of Service | Event | |
|   | 07/30/2021 | | 20 Day Summons Issued | Service | |
| 6 | 07/30/2021 | | ESummons 20 Day Issued | Event | RE: INDEX # 4. Parties: Revel Transit Inc |
| 5 | 07/30/2021 | | Receipt: | Event | RECEIPT#:2990040 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:07/30/2021 REGISTER#:299 CASHIER:EFILINGUSER |
| 4 | 07/28/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 3 | 07/14/2021 | | Receipt: | Event | RECEIPT#:3100310 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:07/14/2021 REGISTER#:310 CASHIER:EFILINGUSER |
| 2 | 07/13/2021 | | Complaint | Event | |
| 1 | 07/13/2021 | | Civil Cover Sheet - | Event | |